**RABINOWITZ, LUBETKIN & TULLY, LLC**
293 Eisenhower Parkway, Suite 100
Livingston, New Jersey 07039
(973) 597-9100
Jay L. Lubetkin
*Counsel to Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re: | Case No. 14-31432 (JKS) |
| ADRIAN P. GEORGE, | Chapter 7 |
| Debtor. | Honorable John K. Sherwood |

**CERTIFICATION OF TRUSTEE IN SUPPORT OF NOTICE OF MOTION FOR ORDER EXPUNGING THE ALLEGED SECURED CLAIM OF NEW YORK CITY DEPARTMENT OF FINANCE**

Jay L. Lubetkin hereby certifies as follows:

1. I am Jay L. Lubetkin, Esq., Chapter 7 Trustee for the bankruptcy estate of Adrian P. George (the "Debtor").

2. I make this Certification based upon facts known to me personally, unless otherwise set forth herein.

3. On October 21, 2014, the Debtor filed a Voluntary Petition pursuant to the provisions of Chapter 11 of the United States Bankruptcy Code.

4. On August 1, 2016, the Debtor's bankruptcy case was converted to a Chapter 7 matter, and on August 2, 2016, I was appointed interim Chapter 7 Trustee for the Debtor's bankruptcy estate. I continue to serve as Chapter 7 Trustee herein.

5. During the pendency of the Debtor's bankruptcy proceeding, the properties owned by the Debtor, including without limitation, two properties owned by the Debtor in New York

City having addresses at 2162 Strang Avenue, Bronx, New York and 34 West 128th Street, New York, New York were abandoned, and which abandonments were approved by the Court.

6. As a result of such abandonments, the Trustee shows that he is administering no assets which constitute the proceeds from the sale of any such New York City properties.

7. In anticipation of the Trustee's preparation of a Final Report, the Trustee has reviewed the proofs of claim on the Register maintained by the Clerk of the Court herein.

8. In particular, proof of claim number 3 is an alleged secured proof of claim filed by the New York City Department of Finance asserting secured status for a claim in the amount of $6,238.50. Although the proof of claim makes it clear it is for property taxes, there is nothing on the face of the proof of claim which indicates the specific properties to which the proof of claim relates.

9. The proof of claim governs the time periods of the second quarter of 2009 through the second quarter of 2012, and three additional quarters in 2014.

10. Because no proceeds of the within estate constitute funds generated from the sale of the subject real properties, the Trustee submits that the alleged secured proof of claim of the New York City Department of Finance should be reclassified as a general unsecured claim vis-à-vis the Debtor's bankruptcy estate, without prejudice to the ability of such creditor to obtain recovery from the abandoned collateral.

11. Further, the Trustee asserts that as is the case in the State of New Jersey, real estate tax claims owed to the City of New York constitute only in rem obligations which attach to the effected real property, but are not personal obligations of the property title owner. As such, the Trustee submits that the reclassified general unsecured claim of the New York City Department of Finance should be expunged. Moreover, such in rem tax claims in the amount of

$6,238.50, is substantially less than the value of the two New York City properties, which value exceeds $3,000,000.

12. Thus, the Trustee respectfully requests entry of the order submitted herewith reclassifying and expunging the alleged secured claim of the New York City Department of Finance.

I certify the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false I am subject to punishment.

By: _____
JAY L. LUBETKIN

Dated: September 11, 2017

3